IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESTATE OF RICHARD L. CURTIS, by and through Sherry L. Dircksen, Special Administrator for the heirs and next-of-kin; and SHERRY L. DIRCKSEN, Special Administrator for the heirs and next-of-kin;<br><br>Plaintiff,<br><br>vs.<br><br>FIVE STAR QUALITY CARE-NE, LLC, FIVE STAR QUALITY CARE-NE, INC., FIVE STAR SENIOR LIVING, INC., FIVE STAR QUALITY CARE TRUST, SNH NEB TENANT, LLC, SNH PROJ LINCOLN TRS, LLC, SNH TRS LICENSE HOLDCO, LLC, SNH TRS, INC., DIVERSIFIED HEALTHCARE TRUST, and FSQ, INC,<br><br>Defendants. | **8:21CV198**<br><br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Defendants', Five Star Quality Care-Ne, LLC, Five Star Quality Care-Ne, Inc., Five Star Senior Living, Inc., Five Star Quality Care Trust, SNH Neb Tenant, LLC, SNH PROJ Lincoln TRS, LLC, SNH TRS License Holdco, LLC, SNH TRS, Inc., Diversified Healthcare Trust, and FSQ, Inc., Motion to Compel Arbitration and Stay Proceedings. Filing No. 26. A Findings and Recommendation ("F&R") by Magistrate Judge Bazis was prepared in response. Filing No. 37. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

On February 12, 2019,[1] Richard L. Curtis was admitted to Centennial Park Retirement Village ("Centennial Park"), located in North Platte, Nebraska, for rehabilitation following a hospital stay for hepatic encephalopathy, general weakness, hyperkalemia, and falls. Filing No. 1-1 at 6, Filing No. 27 at 3. When Mr. Curtis was admitted to Centennial Park, he signed an arbitration agreement ("The Agreement") that stated:

> By executing this Agreement, the Resident and Community agree that any and all actions, claims, controversies, or disputes of any kind, whether in contract or tort, statutory or common law, personal injury, property damage, legal or equitable, or otherwise, either currently existing or arising in the future, arising out of or relating in any way to the to the provision of assisted living, skilled nursing or healthcare services, or any other goods or services provided under the terms of any agreement between the Parties, including disputes involving the scope of this Agreement, or any other dispute involving acts or omissions that cause damage or injury to either Party, and including wrongful death and survival actions, and where the amount in controversy exceeds $25,000 (collectively, "Claims"), shall be resolved exclusively by binding arbitration . . . .

> To the fullest extent permitted by law, this Agreement shall inure to the direct benefit of and be binding upon, third parties not signatories to this Agreement, including the Resident's parents, spouse, children, heirs, guardians, next of kin, successors, agents, assigns, third party beneficiaries, trustees, and representatives, including the administrator or executor of his/her estate, and any other person whose claim is derived through or on behalf of the Resident. This Agreement shall also inure to the direct benefit of and be binding upon, and applies to any Claims asserted against, the Community's corporate parents, subsidiaries, affiliates, successors, assigns, landlords, sublandlords, or entities which manage or own its property, and each of their current or former employees, shareholders, officers, directors, agents and representatives. The Agreement shall continue in full force and effect beyond the Resident's stay at the Community and shall survive death of the Resident and the existence or operation of the Community. The

---

[1] Plaintiff's complaint states Mr. Curtis was admitted to Centennial Park on May 12, 2019, however, the Defendants state that Mr. Curtis's check in date at Centennial Park was February 12, 2019. The arbitration agreement provided by the Defendant also has a signature date of February 12, 2019. Additionally, Mr. Curtis's date of death was May 6, 2019. Therefore, the Court recognizes February 12, 2019, as Mr. Curtis's check in date at Centennial Park.

Agreement shall be binding on this and all subsequent admissions/re-admissions to, or transfers within, the Community.

Filing No. 28-2 at 2.  The Agreement further states that it is governed by the Federal Arbitration Act, 9 U.S.C. § 3.  *Id.*

During the course of Mr. Curtis's stay, Centennial Park was registered and licensed as a skilled nursing facility under the Nebraska Department of Health and Human Services.  Filing No. 1-1 at 6.  While a resident at Centennial Park, Mr. Curtis sustained injuries to his right femur, multiple bedsores, malnutrition, and dehydration, which resulted in mental and physical pain.  *Id.* at 13.  Plaintiff argues that Centennial Park's negligence in Mr. Curtis's physical care caused injuries which later resulted in his death.  *Id.*  Plaintiff alleges Defendants breached its duty of care owed to Mr. Curtis while he was staying at Centennial Park, and that Mr. Curtis's death, on or about April 5, 2019, was a proximate result of the facility's negligence.  *Id.* at 9.

## PROCEDURAL HISTORY

Defendants move to compel arbitration and stay the proceedings pursuant to The Agreement Mr. Curtis signed when he was admitted to Centennial Park.  Filing No. 26. On July 8, 2021, Plaintiff filed an Unopposed Motion for Extension of Time to respond to Defendants' motion to compel.  Filing No. 29.  The motion was granted, and Plaintiff was given until July 22, 2021, to file a response.  Filing No. 30, Text Order.  On July 23, 2021, Plaintiff filed a second Motion for Extension of Time to respond to Defendants' motion to compel.  Filing No. 32.  Plaintiff was given an additional extension to respond and a new

due date of August 6, 2021. Filing No. 33, Text Order. To date, Plaintiff has not filed a brief in response to Defendant's Motion to Compel Arbitration and Stay Proceedings.[2]

## STANDARD OF REVIEW

With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1). Pursuant to NECivR 72.3 and 28 U.S.C. § 636(b)(1)(C), the court may conduct a de novo review of the record and adopt or reject the F&R in its entirety. The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by 28 U.S.C. § 636(b)(1)(A) and dispositive' matters are covered by 28 U.S.C. § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873–74 (1989); *see also* Fed. R. Civ. P. 72(a).

## DISCUSSION

The Court will now review the Findings and Recommendation of Magistrate Judge Bazis. Filing No. 37. The F&R found that the parties possess a valid arbitration agreement, and that the claims exceed $25,000, as The Agreement requires. Filing No. 37 at 5. The F&R recognizes that the Federal Arbitration Act, 9 U.S.C. § 1, evinces a "liberal federal policy favoring arbitration agreements." *Id.* at 3, citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Plaintiff did not file a brief in opposition to Defendants' motion to compel arbitration and stay proceedings.[3] Filing No. 37 at 3. The F&R found that Plaintiff appeared to be contending that Mr. Curtis lacked

---

[2] The Plaintiff did not submit a brief in opposition but did submit an Index in Opposition to Motion to Compel Arbitration and Stay Proceedings which included an affidavit from Mr. Curtis's son, Thomas Curtis, Mr. Curtis' medical records, and admission record from Centennial Park. Filing No. 31.
[3] *See* f.n. 2.

the mental capacity to execute The Agreement, however, the medical records submitted by the plaintiff do not support that contention. *Id.* at 5. Plaintiff also contends that Mr. Curtis's signature on The Agreement was a forgery, however, mere allegations that the signature *could* be a forgery are not enough to void The Agreement. *Id.* Based on the evidence and applying the FAA's liberal policy of enforcing arbitration agreements, Magistrate Judge Bazis recommends that Defendants' Motion to Compel Arbitration and Stay Proceedings, be granted. *Id.* at 6.

Pursuant to NECivR 72.3 and 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review and concludes that the magistrate judge's recommendation is correct as a matter of law and fact. Accordingly, the Court adopts the F&R in its entirety.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Findings & Recommendation of the Magistrate Judge Bazis, Filing No. 37, is adopted in its entirety.

2. The Defendants Motion to Compel Arbitration and Stay Proceedings, Filing No. 26, is granted.

Dated this 10th day of February, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge